UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clara Lewis Brockington, | ) C/A No. 4:16-3326-RBH-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| S.C. Department of Social Services, Reese Palmer, | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* litigant. Plaintiff was granted leave to proceed *in forma pauperis* by order of this court on October 14, 2016. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

On October 14, 2016, the court entered an order giving Plaintiff twenty-one days to bring the case into proper form for service and to answer Local Rule 26.01 Interrogatories. Plaintiff substantially complied with the Order and the case is now in proper form. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff's Complaint stated that Plaintiff "was terminated from [her] employment for an unlawful and unacceptable reason causing me to become injur[ed] when departing and never paid worker's comp." (ECF No. 1 at 5). Plaintiff alleges "I was terminated on 6/24/15 for an untrue reason. While leaving the office, I fell at work and requested worker's comp that DSS refused to pay me. I have been seeing doctors, going to therapy, purchasing medications, seeing a counselor, having continuous falls [and] other problems and not receiving worker's comp. Why?." (ECF No. 1 at 5). The answer under section for relief stated: "continuous medical problems; retroactive worker's comp benefits, reimbursement for all medical bills, travel reimbursements to and from [appointments], pain and suffering, etc. such as loss of wages; termination has caused me not to be hired again." (ECF No. 1 at 5). Plaintiff did not check either federal question or diversity of

2

citizenship as the jurisdictional basis for her claim and lists no federal statutes or provisions of the Constitution at issue.[1]  (ECF No. 1 at 4).

Reviewing Plaintiff's allegations and request for relief, this federal district court is without subject matter jurisdiction.

Federal courts are courts of limited subject matter jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999), citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895).  Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009).  It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree.  *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

As such, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147

---

[1] To the extent that Plaintiff attempted to file a claim under federal law by attaching a dismissal notice from the EEOC, the Complaint fails to comply with Rule 8 to designate what potential federal claim there may be.

F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3). A plaintiff must allege in his pleadings the facts essential to show jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed.1997).

District courts exercise two types of subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the complaint, Plaintiff did not indicate the court's basis for jurisdiction.

The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–374 (1978). This Court has no diversity jurisdiction over this case because Plaintiff has a South Carolina address and Defendants have South Carolina addresses. Thus, no subject matter jurisdiction exists based upon diversity jurisdiction under § 1332.

When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149,152-153 (1908); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113-15 (1936). Plaintiff did not answer the question regarding the basis for federal question jurisdiction. Under the Rule 8 requirements, Plaintiff has not adequately pleaded subject matter jurisdiction based on the

aforementioned. Plaintiff's allegations and request for relief relate to a fall at work and worker's compensation. *See* S.C. Code Ann. §§ 42-1-600 and 42-1-540(exclusivity provision). Generally, such disputes are matters of state law to be heard in state courts, unless diversity jurisdiction is present. Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by any defendant, nor is federal question jurisdiction evident from the face of the complaint.

Thus, this court lacks subject matter jurisdiction.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*.

<br>

|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
|  | Thomas E. Rogers, III |
| November 16, 2016 | United States Magistrate Judge |
| Florence, South Carolina |  |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).