UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clara Lewis Brockington, | ) | Civil Action No.: 4:16-cv-03326-RBH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S.C. Department of Social Services and Reese Palmer, | ) ) | |
| | ) | |
|     Defendants. | ) ) | |

Plaintiff Clara Lewis Brockington, proceeding pro se, has filed this action against the two above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 14. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for lack of subject matter jurisdiction. R & R at 1, 4-5. Plaintiff has filed objections to the R & R.[2] *See* Pl.'s Objs., ECF No. 16.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Plaintiff's objections (filed December 6, 2016) are untimely because they were not filed until the day after objections were due. Nevertheless, the Court will consider her objections out of an abundance of caution.

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[3]

In her complaint, Plaintiff alleges she was denied workers' compensation benefits after falling at work and was wrongfully terminated from her employment.  *See* ECF No. 1 at 5.  The Magistrate Judge recommends summarily dismissing this action for lack of subject matter jurisdiction.  R & R at 4-5.  Specifically, the Magistrate Judge reports that no diversity jurisdiction exists under 28 U.S.C. § 1332 and that no federal question jurisdiction exists under 28 U.S.C. § 1331.[4]  *Id.*

In her objections, Plaintiff asserts this Court should hear this case because she "has pleaded

---

[3]    The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[4]    The Magistrate Judge notes that in her complaint form, Plaintiff did not check either federal question or diversity citizenship as the jurisdictional basis for her claim.  *Id.* at 2-3.

2

subject matter jurisdiction."[5]  Pl.'s Objs. at 3.  First, Plaintiff appears to argue federal question jurisdiction exists under § 1331 "because this matter . . . arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under the court authority," and because Defendant "refused to provide worker's compensation to plaintiff which is a federal obligation by all employers when the defendant agreed that plaintiff fell at the workplace."  *Id.* at 3.  However, as the Magistrate Judge thoroughly explains, Plaintiff's allegations and request for relief related to workers' compensation implicate matters of state law to be heard in state courts.  *See* R & R at 5; *see generally Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 13 (1989) (Stevens, J., dissenting) ("Workers' compensation is generally a subject of local interest and control with which federal courts have only minimal contact.").

Second, Plaintiff appears to argue diversity jurisdiction exists under § 1332 "because this matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3000."  Pl.'s Objs. at 3.  Plaintiff apparently believes the amount-in-controversy requirement is $3,000 based on the Supreme Court's 1936 decision in *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936), a case that she cites in her objections.  Pl.'s Objs. at 3; *see McNutt*, 298 U.S. at 179 ("The question arises whether the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, so as to give the District Court jurisdiction.").  The present-day amount-in-controversy requirement is that "the matter in controversy exceed[] the sum or value of ***$75,000***, exclusive of interest and costs."  28 U.S.C. § 1332(a) (emphasis added).  Furthermore, diversity jurisdiction cannot be a basis for subject matter jurisdiction because, as the Magistrate Judge explains, there is not complete

---

[5]     Plaintiff also rehashes and supplements the allegations in her complaint with a description of her alleged fall and injuries sustained.  *See* Pl.'s Objs. at 1-2.

3

diversity of parties. *See Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) ("Normally, complete diversity of citizens is necessary for a federal court to exercise diversity jurisdiction, meaning the plaintiff cannot be a citizen of the same state as any other defendant.").[6]

In sum, the Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction over this action, and therefore, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction."). Accordingly, the Court adopts the Magistrate Judge's recommendation and overrules Plaintiff's objections.

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, and Plaintiff's objections. *See* ECF Nos. 1, 14, & 16. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 14] by reference. The Court **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 19, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[6] Plaintiff also cites *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir. 1986), wherein the First Circuit made various holdings relating to protective orders in a discovery dispute. Pl.'s Objs. at 1. None of these holdings are applicable to Plaintiff's case or the Magistrate Judge's recommendation.