UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CLARA LEWIS BROCKINGTON, | ) | Civil Action No. 4:16-cv-3326-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| SOUTH CAROLINA DEPARTMENT | ) | |
| OF SOCIAL SERVICES and REESE | ) | |
| PALMER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action arising from her employment with Defendant. Presently before the court are Plaintiff's Motion for Settlement of Claim (ECF No. 59), Motion to Compel (ECF No. 63), and Motion for Extension of Time (ECF No. 75). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

## II. MOTION FOR SETTLEMENT OF CLAIM

In Plaintiff's motion docketed as "Motion for Settlement of Claim," Plaintiff seeks the following relief:

> Prose Plaintiff's motion is to dispose of any evidence that the Defendants are attempting for admission concerning previous falls, previous injuries, previous jobs, etc., are not admissible in court and motion is granted by the court.
>
> Prose Plaintiff's motion(s) are that the claim(s) submitted by the Plaintiff is granted by the court and not dismissed by the court. Pro se Plaintiff is in agreement to negotiate claims stated with the Defendants.
>
> Prose Plaintiff's motion is that Reese Palmer remains a part of this case along

with DSS, since he is the party that hired Plaintiff and terminated Plaintiff and motion is granted by court.

Prose Plaintiff's motion is that the court grant all evidence to be admissible to support the injury and continued disability of the Plaintiff such as medicals, salaries, injury, Defendants' refusal to pay worker's compensation, loss of benefits, Job Description and Acceptance Letter does not state that a test and certification had to be taken with a passing score was contingent upon being hired as a Foster Care Case Manager, etc.

Motion for Settlement of Claim p. 2.

Plaintiff has filed no evidence to support these requests, which are more appropriately raised in either a motion for summary judgment or in opposition to a motion for summary judgment. Plaintiff also indicates her willingness to "negotiate claims," which she may address with Defendants. As such, Plaintiff's motion is denied.

### III. MOTION TO COMPEL

In Plaintiff's Motion to Compel she argues that she has not received any response from Defendants to her discovery requests. Defendants respond by stating that they missed the deadline to respond due to an internal calendaring error, but have since submitted responses to Plaintiff's requests. Accordingly, Plaintiff's motion is moot.[1]

### IV. MOTION FOR EXTENSION OF TIME

Also pending before the court is Defendants' Motion for Summary Judgment (ECF No. 68). Even though Plaintiff filed a Response (ECF No. 80) to the motion, she asserts only that the discovery that was provided by Defendants was not responsive to her requests and the court should

---

[1] In her reply, Plaintiff argues that Defendants should pay her a sum of $500 to cover the expenses she incurred in having to "develop and compose all documents, postage stamps, typing copying, distributing, etc. of all documents mailed to Defendants." The parties may submit briefs on this issue within ten days of the date of this order.

direct Defendants to submit all documents requested by Plaintiff and extend her time to respond to the motion for summary judgment. Plaintiff has not previously raised this issue. Even if the court were to construe Plaintiff's response as a motion to compel, the motion would be untimely under the scheduling order. Further, Plaintiff has failed to point to any specific document or group of documents that she requested that she did not receive. Plaintiff has **ten** days from the date of this order to file a response to Defendants' Motion for Summary Judgment (ECF No. 68).

## V. CONCLUSION

In sum, Plaintiff's Motion for Settlement of Claim (ECF No. 59) is **DENIED**, Plaintiff's Motion to Compel (ECF No. 63) is **MOOT**, and Plaintiff's Motion for Extension of Time (ECF No. 75) is **GRANTED** in part. **Plaintiff has ten days from the date of this order to file a response to Defendants' Motion for Summary Judgment (ECF No. 68). Failure to do so will result in a recommendation that Defendants' motion be granted and this case be dismissed.**

**IT IS SO ORDERED**.

                                                           s/Thomas E. Rogers, III
                                                           Thomas E. Rogers, III
                                                           United States Magistrate Judge

January 30, 2019
Florence, South Carolina