# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| Clara Lewis Brockington, | ) | Civil Action No.: 4:16-cv-3326-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| S.C. Department of Social Services and Reese Palmer, | ) | |
| Defendants. | ) | |

This case arises out of alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, (the "ADEA") and South Carolina state law. This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] [ECF No. 100]. The Magistrate Judge recommends the Court grant Defendants S.C. Department of Social Services ("SCDSS") and Reese Palmer's motion for summary judgment [ECF No. 68], dismiss Plaintiff Clara Lewis Brockington's ADEA claim, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. R&R at 13.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a *de novo* review of those portions of the R&R to which specific objections are made, and the Court may

---

[1] The Magistrate Judge issued the R&R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court need not conduct a *de novo* review of "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Also, objections that merely rehash arguments previously raised and considered by the Magistrate Judge are insufficient to direct the Court to a specific error. *Weber v. Aiken-Partain*, C/A No. 8:11-cv-02423-GRA, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## **Discussion**[2]

Plaintiff brings this action *pro se*, alleging she was wrongfully terminated from employment at SCDSS because of her age. Am. Compl. at 1. She also alleges that when she left work, she fell in SCDSS's parking lot, injuring herself. *Id.* She further alleges that SCDSS wrongfully refused to provide her workers' compensation benefits for the injury. *Id.* at 2.

On May 15, 2018, Defendants filed the instant motion for summary judgment, claiming that Plaintiff's employment was terminated because she failed to pass her basic certification test twice and

---

[2] The R&R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. *See* R&R at 1–6.

2

she has failed to produce evidence showing that her termination was due to her age. [ECF No. 68]. On or about June 4, 2018, Plaintiff filed a response in opposition thereto. [ECF No. 80]. On February 13, 2019, the Magistrate Judge issued the R&R, recommending the Court grant Defendants' motion for summary judgment, dismiss the ADEA claim, and decline to exercise supplemental jurisdiction over any state law claim. R&R at 13. The R&R notes that Plaintiff's response fails to meaningfully respond to the motion for summary judgment, raising for the first time an untimely claim that she could not respond to the motion due to insufficient discovery responses. R&R at 1–2. Accordingly, the Magistrate Judge issued an order noting that Plaintiff failed to point to any specific discovery she requested and did not receive, providing a ten-day extension to respond to the motion for summary judgment. [*See* ECF No. 93 at 2–3]. On the day Plaintiff's response was due, she filed a motion for extension of time to respond, which the Magistrate Judge denied but gave leave to file any response as part of her objections to the R&R. [*See* ECF No. 99]. The Magistrate Judge specifically advised the parties of the procedure for filing objections to the R&R and the consequences if they failed to do so. R&R at 13; Notice of Right to File Objs. [ECF No. 100-1].

## I. Plaintiff's Objections

On or about February 28, 2019, Plaintiff timely filed objections[3] to the R&R. [ECF No. 102]. In her objections, Plaintiff: (1) objects to the R&R "in its entirety[,]" Objs. at 4; (2) rehashes her argument that she cannot respond to the motion for summary judgment because she did not receive discovery in a timely manner, *id.* at 1; (3) objects to the R&R "due to the . . . references to documents,

---

[3] Plaintiff's response with objections is titled "Plaintiff's Response to Defendants' Report and Recommendation." The title and substance of the response indicate that she believes that the R&R was submitted by Defendants. *See*, *e.g.*, Resp. at 3 ("[T]his motion is to deny Defendants['] Report and Recommendation . . . ."), 5 ("Defendants reference numerous documents . . that are not ATTACHED to their Report and Recommendation . . ."), 6 (same), 9 ("Defendants referenced John Shackleford in the Report and Recommendation . . . ."). The R&R clearly indicates that it was issued by the Magistrate Judge.

3

emails, conversations, etc., that . . . Plaintiff has never seen, received, [or] discussed[,]" *id.* at 3; (4) moves "to deny Defendants [R&R] due to their habitual untruth, knowingly violation of the University of South Carolina and DSS Policies and Procedures, using non-qualified and uncertified trainers to teach Child Welfare Certification Classes[,]" *id.* at 4; (5) asks the Court to "note that Defendants reference numerous documents from Elmore and other DSS staffs that are not ATTACHED to their Report and Recommendation, which does not allow [Plaintiff] to respond properly and professional[ly] to their report[,]" *id.* at 5; (6) states she cannot "respond to the [R&R] adequately and professionally, due to insufficient evidence and documents that were NOT provided by the Defendants which were mentioned in their [R&R][,]" *id.* at 6; (7) has "no knowledge of any documents . . . in the [R&R] to establish a prima facie case of discrimination[,]" *id.* at 7; and (8) asks "the record to reflect Defendants have made [an] accusation that [her] State Law Claim was filed for Defamation[,]" and requests the Court "to ask Defendants' Counsel to refrain from making accusations that he does not see in the record to avoid further actions." *Id.* at 10.

  **2.  Analysis**

First, with respect to the Magistrate Judge's order giving Plaintiff leave to file any response in opposition to summary judgment in her objections, Plaintiff fails to offer evidence supporting her opposition to summary judgment, relying on mere allegations. *See*, *e.g.*, Objs. at 5–6 ("Summary judgment is NOT proper because . . . Plaintiff cannot dispute the material facts and establish an essential element of any cause of action[,] . . . Plaintiff will be able to bear the burden of coming forward with specific facts which will show a genuine dispute for trial[,] [and] ha[s] facts and inferences, as well as new hires from DSS, physicians, therapists, family members, friends, neighbors, etc., to testify so that [Plaintiff] won't have to rely on beliefs, conjecture, speculation or conclusory allegations.").

Second, with one exception, Plaintiff's objections either merely rehash arguments previously

4

raised to and considered by the Magistrate Judge or fail to point the Court to a specific error. In the absence of specific objections, the Court reviews only for clear error. Having reviewed the general objections and R&R, the Court discerns no clear error. However, the Court corrects one harmless mistake on the R&R noted by Plaintiff.

The R&R recommends the Court "decline to retain supplemental jurisdiction over Plaintiff's state law claim for defamation." R&R at 13. A review of the amended complaint indicates there is no claim for defamation. [*See* ECF No. 32]. Even if there was, the Court would decline supplemental jurisdiction. The R&R correctly notes that the amended complaint seeks damages for a personal injury resulting from Plaintiff's fall and Defendants' alleged wrongful denial of workers' compensation benefits, recommending the Court decline to exercise supplemental jurisdiction over those state law claims. R&R at 12–13. The Court agrees and dismisses Plaintiff's state law claims without prejudice. *See Crotty v. Windjammer Vill. of Little River, South Carolina*, Civil Docket No.: 4:15-cv-04042-RBH, 2018 WL 4560746, at *8 (D.S.C. Sept. 24, 2018) (dismissing without prejudice state law claims over which the Court declined to exercise supplemental jurisdiction).

## Conclusion

For the foregoing reasons, the Court adopts and incorporates by reference the R&R [ECF No. 100], except to the extent it states there is a defamation claim. The Court **GRANTS** Defendants' motion for summary judgment [ECF No. 68]. Accordingly, the Court **DISMISSES** Plaintiff's ADEA claim with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISSES** those claims without prejudice.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 8, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge